IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **JACOB LUCÉ** | § | |
| | § | |
| **v.** | § | **NO. 4:24-CV-00591-ALM-BD** |
| | § | |
| **CITY OF MCKINNEY, TEXAS** | § | |

## MEMORDANDUM OPINION AND ORDER

Plaintiff Jacob Lucé moved to deem admitted under Federal Rule of Civil Procedure 36(a)(3) his second set of requests for admission to defendant City of McKinney, Texas. Dkt. 67. The city filed a combined response in opposition to that motion and alternative motion under Rule 36(b) to withdraw its admissions and substitute its proposed objections and responses, Dkt. 70; *see* Dkt. 70-1 (the city's proposed objections and responses). Both Lucé's motion and the city's alternative motion will be granted.

## BACKGROUND

This lawsuit concerns Lucé's allegations that the city's police officers and prosecutors arrested him and maliciously prosecuted him without probable cause and entered a nolo contendere plea without his consent. Lucé also alleges that the city has a policy or widespread custom of entering pleas without defendants' consent.

Last December, Lucé notified the court that he had served requests for admission, requests for production, and interrogatories on the city. Dkt. 52. The notice did not attach copies of those discovery requests, but according to Lucé, he emailed them to the city's attorneys the same day. Dkt. 67 at 2; *see* Dkt. 67-2 (copy of the email addressed to the city's two attorneys of record and their assistant). The city says that it never received that email, Dkt. 70 at 3, and on that day, one of the city's attorneys emailed his assistant to say that he had not received any discovery from Lucé, Dkt. 65-2 at 1.

The city did not immediately follow up on Lucé's filing, but a few days before the would-be deadline, the same attorney emailed several people at his firm to ask that they all "verify that we

have not received these referenced discovery requests from Mr. Luc[é]." *Id.* He then emailed Lucé to inform him that the city had not received any discovery requests. Dkt. 67-4 at 1. Again, Lucé says that he responded to that email with copies of the requests, *id.*, but again the city says that it never received that email, Dkt. 70 at 3.

Either way, on January 8, 2026, Lucé filed a "notice of deemed admissions," asserting that the requests for admission had been served more than 30 days prior and he had received no response. Dkt. 55. That time, the requests for admission were attached to the filing. Dkt. 55-1. A few days later, the court ordered the parties to meet and confer about Lucé's motion to compel responses to his other discovery requests. Dkt. 57. That order required the parties to submit a joint report, which they did. Dkt. 58. The court first learned that there was a dispute regarding the requests for admission from that report. *Id.* at 2.

At a hearing on the parties' discovery disputes, the city confirmed that it had not responded to the requests for admission. Minute Entry for Feb. 25, 2026. And after the hearing, Lucé moved to deem the requests admitted. Dkt. 67. The city responded, arguing that the requests were never properly served, Dkt. 70 at 5–6, and moving in the alternative to withdraw its admissions and substitute them for responses that it attached to the motion, *id.* at 6–8; *see* Dkt. 70-1.

## LAW

Federal Rule of Civil Procedure 36 authorizes a litigant to serve on another party requests that it admit facts, application of facts to law, its opinions about either of those, or the genuineness of documents. The party receiving requests for admission must object to, admit, "specifically deny," or "state in detail why . . . it cannot truthfully admit or deny" each request. Fed. R. Civ. P. 36(a)(3)–(4). If it does not do so within 30 days, each unanswered request is deemed admitted, which means that it is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." *Id.* R. 36(a)(3), (b).

"The Fifth Circuit values a litigant's right to depend on matters admitted without the concern that they are subject to change later," *Finlay v. Wolpoff & Abramson*, No. 4:08-cv-00786, 2009 WL

2

936882, at *2 (S.D. Tex. Apr. 3, 2009), so it strictly defines when deemed admissions may be withdrawn or amended, *see In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). The court must find "that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case." *Id.* That test places the burden on both parties. *Barnett v. Maurice Sporting Goods, Inc.*, No. 4:04-cv-394, 2006 WL 8440638, at *3 (E.D. Tex. Mar. 10, 2006). "[T]he party making the admissions must show that the presentation of the merits would be subserved, while the party obtaining the admissions must satisfy the court that withdrawal or amendment of the admissions will prejudice that party." *Id.* But even if each of those elements is met, the district court retains discretion to deny a motion to withdraw. *Id.*

## DISCUSSION

### I. Deemed Admissions

Only two facts are necessary to establish whether requests for admission are deemed admitted: the date on which they were served and the date on which they were responded to. If those dates are more than 30 days apart, the requests are deemed admitted if they can be admitted. Fed. R. Civ. P. 36(a)(3).

Here, the city does not dispute that it did not respond to the requests for admission before March 5, 2026, the day it filed its motion to withdraw. *See* Dkt. 70. It instead argues that it was never served with the requests for admission because it did not receive Lucé's email. *Id.* at 5. But the court need not determine whether the city received Lucé's email. Even if it did not, it was served the requests for admission, at the latest, on January 8, 2026. *See* Dkt. 55-1.

The countdown to respond to requests for admission begins when they are served on the opposing party. Fed. R. Civ. P. 36(a)(1), (3). The Federal Rules of Civil Procedure offer multiple ways that a document can be served, including by "sending it to a registered user by filing it with the court's electronic-filing system." *Id.* R. 5(b)(2)(E); *see EEOC v. Guardsmark, LLC*, No. 4:09-cv-03062, 2010 WL 5391269, at *2 (S.D. Tex. Dec. 22, 2010). When Lucé attached the requests

3

for admission to his notice of deemed admissions, Dkt. 55-1, he served the city with the requests through the court's electronic-filing system. *See LHF Prods., Inc. v. Koehly*, No. 2:16-cv-02028-JAD-NJK, 2017 WL 4767673, at *5 (D. Nev. Oct. 20, 2017) (finding that a party was served requests for admission, at the latest, when they were filed as an exhibit to a motion to deem admissions). The court's records confirm that a notice of electronic filing was sent to each of the city's attorneys and Lucé. *See* Loc. R. CV-5(a)(3)(A) (providing that "[r]eceipt by the filing party of a Notice of Electronic Filing from the court is proof of service of the document on all counsel who are deemed to have consented to electronic service").

The city cites *Freeman v. City of Detroit*, 274 F.R.D. 610 (E.D. Mich. 2011), but it is unclear how that case helps it. *Freeman* involved requests for admission emailed to an attorney who had not consented to receive electronic service. *Id.* at 612. That is not the situation here. In this district, the clerk of court registers all attorneys as electronic-filing users and requires them to keep their account information up to date. Loc. R. CV-5(a)(2)(A). And each of the city's attorneys is a registered electronic-filing user in this court. U.S. District Court for the Eastern District of Texas, Attorney Bar Status 378, 511, available at https://txed.uscourts.gov/attystats.pdf.

So by January 8, 2026, at the latest, the requests for admission had been served on the city's attorneys. *See* Dkt. 55-1. But the city did not provide responses until March 5, 2026, *see* Dkt. 70-1, almost a month after its latest possible deadline.

The city asks the court to disregard that deadline because it acted in good faith. Dkt. 70 at 5–6. But requests for admission are admitted unless the responding party timely answers or objects. Fed. R. Civ. P. 36(a)(3). Absent timely answers or objections, "the Court has no discretion . . . to deem the matters not admitted." *Barnett*, 2006 WL 8440638, at *3. Rather, the rule is "self-executing." *Id.*; *Curtis v. State Farm Lloyds*, No. 4:03-cv-01025, 2004 WL 1621700, at *4 (S.D. Tex. Apr. 29, 2004).

## II. Withdrawal of Admissions

Lucé's requests for admission were served and deemed admitted. But that does not end the analysis. The city also moved to withdraw its deemed admissions under Rule 36(b) and replace them with its actual responses and objections. Dkt. 70 at 6–8. The court will allow it to do so.

### A. The city's position on the requests at issue

The city's proposed responses would deny two requests for admission, stand on objections to one, admit two requests only in part, state that it cannot admit or deny two others, and admit the rest. Dkt. 70-1 at 3–6.

Three of the requests are not susceptible to admission. "Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact." *Carney*, 258 F.3d at 419. But its reach is not unlimited, and requests for admission can be deemed admitted only if they concern a fact susceptible to admission. *Barnett*, 2006 WL 8440639, at *4 (finding that requests for admission that call for legal conclusions cannot be deemed admitted). Request 6, which asks what the Texas Code of Criminal Procedure requires, cannot be deemed admitted because it calls for a legal conclusion. Dkt. 70-1 at 3. Requests 24 and 25, as the city points out, are not accompanied by the documents they seek to establish the authenticity of. Dkt. 70-1 at 6. Without those documents, those requests could likewise not be deemed admitted.

That leaves just four requests at issue:

> Request for Admission No. 1. Admit that on September 2, 2025, during a hearing in the McKinney Municipal Court, Judge Candace Carlsen stated on the record that accepting plea agreements signed only by counsel, and not by the defendant, is considered a "manner of business" in the City of McKinney's Municipal Court.

> \* \* \*

> Request for Admission No. 9. Admit that the City of McKinney did not serve Jacob C. Lucé with notice of these charges until approximately November 2023, more than 16 months after the initial filing.

> \* \* \*

> Request for Admission No. 12. Admit that the City initiated the active prosecution of these charges in November 2023, less than one year before the expiration of the statute of limitations.

5

* * *

> Request for Admission No. 23. Admit that the "Order of Dismissal" signed by Judge Miranda references a "compliance with the terms of the Court's Order granting Deferred Disposition," despite the fact that no such Order was ever validly entered with Plaintiff's signed consent.

Dkt. 70-1 at 3–6.

The city would deny the first of those requests in part. It would "admit[ that] Judge Carlsen made a comment similar to that effect as applicable to Texas courts in general," but it would deny that "any such comment specifically applied to only the McKinney Municipal Court." *Id.* at 3. It would deny 9 and 12 entirely. *Id.* at 4. It would admit the first half of 23, up to the comma, and otherwise object that 23 calls for a legal conclusion.

That objection fails. True, the second clause of 23 presents the assumed conclusion that, because the order of dismissal was not entered with Lucé's signed consent, it was not valid. But it does not ask the city to admit that a lack of signed consent makes the order invalid, which would indeed be a legal conclusion. It instead asks the city to admit that the order was not entered with signed consent, a question of fact. The court will construe the city's objection as a denial that the order was entered without Lucé's signed consent.

### B. The sufficiency of the city's showing

As noted, each party bears a burden on a motion to withdraw admissions. *Barnett*, 2006 WL 8440638, at *3. The city has met its burden; Lucé has not met his.

#### 1. The city's burden

To obtain leave to withdraw its admissions, the city must show that withdrawal "would serve the presentation of the case on its merits." *Carney*, 258 F.3d at 419. When assessing whether that showing has been made, the court considers

> [1] whether refusing to permit withdrawal or amendment would have the practical effect of eliminating any presentation of the merits of the case, [2] whether the admission is contrary to the record of the case, [3] whether the admission is no longer true because of changed circumstances, and [4] whether a party has made an honest error.

6

*Onosode v. Equifax Info. Servs., LLC*, No. 4:20-cv-00951-SDJ-CAN, 2022 WL 19380561, at *3 (E.D. Tex. July 21, 2022) (quoting *Powerhouse Prods., Inc. v. Widgery*, No. 4:07-cv-071, 2008 WL 4331480, at *2 (E.D. Tex. Sept. 17, 2008)).

Refusing to permit withdrawal of the deemed admissions would prejudice the city's presentation of the merits. A complete admission of 23 would "conclusively establish[]" that the city's employees entered a nolo contendere plea against Lucé without his consent, Fed. R. Civ. P. 36(b), and a complete admission of 1 would be evidence that the city had a policy or custom of engaging in that kind of conduct, *see Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978).

Both of those considerations make the first factor weigh in the city's favor. Further, the city asserts, and Lucé does not contradict, that documents produced in discovery refute its admissions of 9 and 12. Dkt. 70 at 7 & n.20. That makes the second factor weigh in the city's favor as well. The third factor, regarding changed circumstances, is not relevant here. But the fourth also favors the city, which was reasonably confused about the effect of Lucé filing his requests for admission and believed that the court would give it further instruction. *See id.* at 3–4. Because the city's failure to respond to the requests for admission was the result of an honest error and withdrawal would promote resolution of the case on the merits, the city has met its burden.

### 2. Lucé's burden

Lucé could nevertheless prevail on the city's motion by showing that withdrawal would prejudice him. *Carney*, 258 F.3d at 419; *Barnett*, 2006 WL 8440638, at *3. "Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991). "[S]ome courts also weigh the moving party's need to prove prejudice against the opposing party's diligence in the prosecution of its action." *Barnett*, 2006 WL 8440638, at *4. Others consider "[t]he fault of the party requesting withdrawal," *Onosode*, 2022 WL 19380561, at *3, whether the failure to respond was related to the dilatory conduct of the party seeking to withdraw "throughout

the litigation," and whether that party promptly moved to withdraw, *Carney*, 258 F.3d at 420, 420 n.5.

Here, any prejudice to Lucé would be minimal. He explains that he "shaped his entire summary judgment strategy around" the assumption of deemed admissions, Dkt. 67 at 5, and since the discovery period is closed, Dkt. 46, he would have no further opportunities to acquire evidence. But discovery closed only a week after the requests for admission were deemed admitted. Even if they had been responded to, there would not have been time to serve more written-discovery requests. *See Barnes v. Rd. Carriers, Inc.*, No. 4:23-cv-01012-BD, 2025 WL 2637375, at *13 (E.D. Tex. Sept. 12, 2025) (explaining that the court's standard scheduling order requires all discovery to be served in time to be completed by the discovery deadline). And it is unlikely that Lucé could have noticed another deposition, Fed. R. Civ. P. 30(b)(1) (providing that a party wishing to take a deposition "must give reasonable written notice to every other party"). If the city is permitted to withdraw its admissions, Lucé will be in the same position that he would have been in if the city had timely responded. In any event, the city would admit almost all of the requests for admission, which substantially mitigates the prejudice Lucé faces.

## CONCLUSION

It is **ORDERED** that:

1) Lucé motion to deem admissions, Dkt. 67, is **GRANTED**;

2) the city's motion to withdraw admissions, Dkt. 70, is **GRANTED**; and

3) Dkt. 70-1 reflects the city's operative responses to Lucé's second set of requests for admission.

So **ORDERED** and **SIGNED** this 16th day of April, 2026.

_____
Bill Davis
United States Magistrate Judge